1   RODNEY M. HUDSON (SBN 189363)
    rodney.hudson@dbr.com
2   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
3   San Francisco, CA  94105-2235
    Telephone:  (415) 591-7500
4   Facsimile:   (415) 591-7510

5   Counsel for Defendants
    JANSSEN RESEARCH & DEVELOPMENT,
6   LLC; JANSSEN PHARMACEUTICALS, INC.;
    JANSSEN ORTHO LLC; JOHNSON &
7   JOHNSON; BAYER CORPORATION; BAYER
    HEALTHCARE LLC; BAYER HEALTHCARE
8   PHARMACEUTICALS INC.

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                      WESTERN DIVISION

12

13

14  CAROL ANDERS, ON BEHALF OF          Case No. 2:16-cv-9248
    HERSELF, AND AS SURVIVING
15  SPOUSE OF DEAN  ANDERS,             **NOTICE OF REMOVAL
    DECEASED; SUSAN DOBYNS; LUPE        PURSUANT TO 28 U.S.C. §§
16  GALLEGOS; STEPHANIE GONIA, AS       1332 AND 1446(b) (DIVERSITY)**
    PERSONAL REPRESENTATIVE OF
17  MARIAN BURK, DISABLED; MELODIE      **[DEMAND FOR JURY TRIAL]**
    HANKE; GREG HAYS; MONIQUE
18  LANE; HAROLD J. LONG, ON BEHALF
    OF HIMSELF, AND AS SURVIVING
19  SPOUSE OF MARILYNE LONG,
    DECEASED; BARBARA LUNDY;
20  GORDON H. MCCONNELL, ON
    BEHALF OF HIMSELF, AND AS
21  SURVIVING SPOUSE OF JOAN
    MCCONNELL, DECEASED; NANCY
22  MIRANDA, ON BEHALF OF HERSELF,
    AND AS A SURVIVING CHILD OF
23  ESTER CHABOLLA, DECEASED;
    KELLY NAKATANI, ON BEHALF OF
24  HERSELF, AND AS SURVIVING
    SPOUSE OF FRED M. NAKATANI,
25  DECEASED; DENIS O'MAHONEY;
    PAUL PALUBICKI; JOHN PARRETT;
26  ROGER PETERSON; ANNIE PORTER-
    CUASCUT, ON BEHALF OF HERSELF,
27  AND AS SURVIVING SPOUSE OF
    JUAN JOSE CUASCUT, JR.,
28  DECEASED; CRAIG PROFFITT;
    DOROTHY ROBINSON; KAREN

1  RUSSELL; MICHAEL SCHILLER, AS
   PERSONAL REPRESENTATIVE OF
2  WALTER O. SCHILLER, DISABLED;
   KNUT SOLNA; BALASAN TOROSYAN;
3  AND, TERRY LOUIS WILSON, ON
   BEHALF, AND AS
4  SURVIVING SPOUSE OF TERI LYNN
   WILSON, DECEASED,
5
                    Plaintiffs,
6
7  v.

8  JANSSEN RESEARCH &
   DEVELOPMENT, LLC F/K/A JOHNSON
9  AND JOHNSON PHARMACEUTICAL
   RESEARCH AND DEVELOPMENT
10 LLC; JOHNSON & JOHNSON
   COMPANY; JANSSEN ORTHO, LLC;
11 JANSSEN PHARMACEUTICALS, INC.
   F/K/A JANSSEN PHARMACEUTICA
12 INC., F/K/A ORTHO-MCNEIL-JANSSEN
   PHARMACEUTICALS, INC.; BAYER
13 CORPORATION; BAYER
   HEALTHCARE LLC; AND BAYER
14 HEALTHCARE PHARMACEUTICALS
   INC.; BAYER PHARMA AG; BAYER
15 HEALTHCARE AG; BAYER AG;
   MCKESSON CORPORATION; AND
16 JOHN DOES 1-100, INCLUSIVE,

17                 Defendants.

18

19         Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendants Janssen Research

20 & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson

21 & Johnson, Bayer Corporation, Bayer HealthCare LLC and Bayer HealthCare

22 Pharmaceuticals Inc. (collectively, "Removing Defendants") hereby remove to this

23 Court the civil action filed by Plaintiffs in the case of *Carol Anders, et al. v.*

24 *Janssen Research & Development, LLC, et al.*, Los Angeles County Superior Court,

25 Case No. BC634167.  In support of Removal, Removing Defendants state as

26 follows:

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL                        - 2 -                    CASE NO. 2:16-CV-9248

# I.

## <u>INTRODUCTION</u>

1.     This Court has diversity jurisdiction over this action because the proper parties on each side of the controversy are diverse and the amount in controversy exceeds the jurisdictional minimum.

2.     This action was initiated on September 15, 2016, by the filing of a complaint in the Superior Court of the State of California, in and for Los Angeles County, by twenty-four plaintiffs who allegedly are citizens of California. (Ex. A, Compl. ¶ 4.)  This action was later coordinated with the *Xarelto Cases* (Judicial Council Coordinated Proceeding No. 4862) pending in Los Angeles Superior Court (Ex. B, Coordination Order).  Copies of all pleadings, processes, and orders in the state-court action are attached hereto as Exhibits A and B.  Plaintiffs' Complaint alleges product liability causes of action against nonresident Removing Defendants,[1] along with fraudulently joined local Defendant McKesson Corporation, a distributor of pharmaceutical medications with its principal place of business in California.  (Ex. A, Compl. ¶ 20.)  As more fully set forth below, because no viable claim has been alleged against local Defendant McKesson, the citizenship of McKesson can be disregarded for purposes of removal.  Several other actions fraudulently joining McKesson filed in California and removed to federal court have been transferred to *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, pending in the United States District Court for the Eastern District of Louisiana.  *See Joanne Nash v. Janssen Research & Development, LLC*, Case No. 2:15-cv-03868-AB-E (C.D. Cal. June 4, 2015), Doc. 19 (attached as Exhibit D); *Jamie Barba, et al. v. Janssen Research &*

---

[1] Plaintiffs' Complaint also names as defendants Bayer AG, Bayer Pharma AG, Bayer HealthCare AG, three diverse German corporations, that have not been served and whose consent is not required.  As set forth herein, effective as of July 1, 2016, Bayer HealthCare AG was merged into Bayer AG as universal successor.

*Development, LLC, et al.*, Case No. 8:15-cv-01548-DOC-JCG (C.D. Cal. Oct. 27, 2015), Doc. 17 (attached as Exhibit E); *Earl Ullom v. Janssen Research & Development, LLC, et al.*, Case No. 1:16-cv-01109-DAD-JLT (E.D. Cal. Aug. 16, 2016), Doc. 9 (attached as Exhibit F); *Alice Voros, et al. v. Janssen Research & Development, LLC*, Case No. 2:16-cv-07627-MFW-DTBx (C.D. Cal. Nov. 2, 2016), Doc. 19 (attached as Exhibit G); *Heidi Rorick-Evans v. Johnson & Johnson Company, et al.*, Case No. 2:16-cv-08283-MFW-(DTBx) (C.D. Cal. Nov. 17, 2016), Doc. 3 (attached as Exhibit H).

3.      As the Honorable André Birotte held in *Nash*, "with respect to the alleged fraudulent joinder of McKesson and its implications for removal, staying the case as opposed to adjudicating the issue prior to transfer [to the MDL] is favorable because it will promote judicial consistency and avoid conflicting results." *Nash,* Case No. 2:15-cv-0368-AB-E, Order at *4.  Properly alleged, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1446.

4.      Plaintiffs' Complaint makes blanket allegations generally against all defendants for strict liability, negligence, breach of express warranty, breach of implied warranty, fraud, and violations of Business and Professions Code §§ 17200 and 17500, as well as Civil Code § 1750.

5.      This is one of many product liability lawsuits filed in federal and state courts throughout the country concerning Xarelto®, a pharmaceutical prescription medication used to prevent blood clots, treat deep vein thrombosis and pulmonary embolism, and prescribed for patients recovering from knee or hip replacement surgery.  On December 14, 2014, the Judicial Panel on Multi-District Litigation ("JPML") concluded that centralization of product liability actions involving Xarelto® in a single federal court forum was appropriate for these claims and issued an Order establishing MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation.*  The JPML assigned MDL No. 2592 to the United States District Court for the Eastern District of Louisiana.  The MDL Court

currently oversees numerous federal actions involving "allegations that plaintiffs suffered severe bleeding and other injuries as a result of taking Xarelto®." JPML Transfer Order at 3 (attached as Exhibit C). There are numerous actions pending in the MDL.

6. Removing Defendants will notify the JPML of this action as required by the Rules of Procedure of the JPML and seek inclusion of this action in the MDL proceeding. *See Rules of Procedure of Judicial Panel on Multi-District Litigation*, 199 F.R.D. 425 (J.P.M.L. 2001). Removing Defendants also request that this action be stayed pending transfer to the MDL Court in order to conserve resources and avoid duplicative litigation. Numerous federal courts in California have stayed actions pending transfer to an MDL proceeding. *See Nash*, Case No. 2:15-cv-03868-AB-E (C.D. Cal. June 4, 2015), Doc. 19 (Ex. D); *Barba*, Case No. 8:15-cv-01548-DOC-JCG (C.D. Cal. Oct. 27, 2015), Doc. 17 (Ex. E); *Buries v. Johnson & Johnson, et al.*, Case. No. 3:15-cv-04282-HSG (N.D. Cal. Dec. 2, 2015), Doc. 46 (Ex. I); *Bohannon v. Johnson & Johnson, et al.*, Case. No. 3:15-cv-04295-HSG (N.D. Cal. Dec. 2, 2015) (Ex. I); *Hulsh v. Bayer HealthCare Pharmaceuticals Inc., et al.*, Case No. 15-cv-04801-JST (N.D. Cal. Jan. 11, 2016), Doc. 29 (Ex. J); *Alanis v. Pfizer*, Case No. 1:14-cv-00365 LJO MJS, 2014 U.S. Dist. LEXIS 60970 (E.D. Cal. May 1, 2014); *Weaver v. Pfizer*, Case No. 2:14-cv-0818 KJM KJN, 2014 U.S. Dist. LEXIS 67174 (E.D. Cal. May 15, 2014); *Stevens v. Organon USA, Inc*., Case No. C 13-05713 WHA, 2014 U.S. Dist. LEXIS 5952 (N.D. Cal. Jan. 13, 2014).

7. As the MDL Court has been charged with overseeing the Xarelto® litigation nationwide, this Court should defer to the MDL Court's processes to ensure that this litigation is managed in a consistent and efficient manner. Xarelto® cases involving issues of joinder and application of the "forum defendant rule" have been tagged for transfer to and consideration by the MDL Court.

## II.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

8. <u>Service</u>. Plaintiffs' Complaint was served on Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Bayer HealthCare LLC and Bayer HealthCare Pharmaceuticals Inc. on November 14, 2016. (Ex. K, Hudson Decl. ¶ 14). Plaintiffs' Complaint was served on Bayer Corporation on November 15, 2016. (Ex. K, Hudson Decl. ¶ 15). Plaintiffs' Complaint was served on Johnson & Johnson on November 16, 2016. (Ex. K, Hudson Decl. ¶ 16). Plaintiffs' Complaint was served on Janssen Ortho LLC on November 29, 2016. (Ex. K, Hudson Decl. ¶ 17). Accordingly, pursuant to 28 U.S.C. §§ 1446(b)(1) and (b)(2)(B), this Notice of Removal is timely and was filed within 30 days of service. See 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day time period under removal statute begins to run from the date of formal service).

9. <u>Defendants Not Named or Served</u>. All Removing Defendants that have been served have joined in this Removal, and the consent of Bayer Pharma AG, Bayer HealthCare AG and Bayer AG, none of which have been served, is not necessary or required. 28 U.S.C. § 1446(b)(2)(A); *Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011). In addition, as set forth herein, Bayer HealthCare AG is no longer a separate entity. Although Plaintiffs purport to allege claims against certain unnamed and "John Doe" defendants (Ex A., Compl.), their citizenship is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1) ("For purposes of removal under this chapter, the citizenship of Defendants sued under fictitious names shall be disregarded").

10. <u>Fraudulently Joined Defendant</u>. As set forth in more detail below, because McKesson has been fraudulently joined, its consent to removal is not required. 28 U.S.C. § 1446(b)(2)(A); *United Computer Sys., Inc. v. AT&T Info. Sys.,* 298 F.3d 756, 761 (9th Cir. 2002).

11.    <u>State Court Filings</u>.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers served and filed in the state court action are attached as Exhibits A and B.

12.    <u>Venue</u>.  The United States District Court for the Central District of California is within the county in which the state court action was filed and pending, and therefore this Court is the proper forum for this action pursuant to 28 U.S.C. §§ 89(b) and 1441(a).

13.    If any question arising regarding the propriety of the removal of this action, the Removing Defendants respectfully request the opportunity to present a brief and be heard at oral argument in support of removal.

14.    No previous application has been made for the relief requested herein.

15.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is an action between citizens of different states.

**III.**

**<u>CITIZENSHIP OF PROPERLY JOINED PARTIES AND AMOUNT IN CONTROVERSY</u>**

16.    Removing Defendants assert that this action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  There is diversity of citizenship between the twenty-four Plaintiffs and Removing Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

A.    **<u>Citizenship of Plaintiffs</u>**

17.    Based on the allegations in the Complaint and at all times since, Plaintiff Carol Anders, on behalf of herself, and as surviving spouse of decedent Dean Anders, is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 65.)  Based on the allegations in the Complaint, decedent Dean Anders was a citizen of California. (Ex. A, Compl. ¶ 65a.)

18.    Based on the allegations in the Complaint and at all times since, Plaintiff Susan Dobyns is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 66.)

19.    Based on the allegations in the Complaint and at all times since, Plaintiff Lupe Gallegos is a citizen of California.  (Ex. A, Compl. ¶ 4, 67.)

20.    Based on the allegations in the Complaint and at all times since, Plaintiff Stephanie Gonia, as personal representative of Marian Burk, disabled, is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 68.)  Based on the allegations in the Complaint and at all times since, Marian Burk is a citizen of California (Ex. A, Compl. ¶ 68a.)

21.    Based on the allegations in the Complaint and at all times since, Plaintiff Melodie Hanke is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 69.)

22.    Based on the allegations in the Complaint and at all times since, Plaintiff Greg Hays is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 70.)

23.    Based on the allegations in the Complaint and at all times since, Plaintiff Monique Lane is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 71.)

24.    Based on the allegations in the Complaint and at all times since, Plaintiff Harold Long, on behalf of himself, and as surviving spouse of decedent Marilyne Long, is a citizen of California.  (Ex. A, Compl.¶ ¶ 4, 72.) Based on the allegations in the Complaint, decedent Marilyne Long was a citizen of California. (Ex. A, Compl. ¶ 72a.)

25.    Based on the allegations in the Complaint and at all times since, Plaintiff Barbara Lundy is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 73.)

26.    Based on the allegations in the Complaint and at all times since, Plaintiff Gordon McConnell, on behalf of himself, and as surviving spouse of decedent Joan McConnell, is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 74.) Based on allegations in the Complaint, decedent Joan McConnell was a citizen of California.  (Ex. A, Compl. ¶ 74a.)

27.    Based on the allegations in the Complaint and at all times since,

1    Plaintiff Nancy Miranda, on behalf of herself, and as a surviving child of decedent

2    Ester Chabolla, is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 75.)  Based on

3    allegations in the Complaint, decedent Ester Chabolla was a citizen of California.

4    (Ex. A, Compl. ¶ 75a.)

5         28.    Based on the allegations in the Complaint and at all times since,

6    Plaintiff Kelly Nakatani, on behalf of herself, and as surviving spouse of decedent

7    Fred Nakatani, is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 76.) Based on

8    allegations in the Complaint, decedent Fred Nakatani was a citizen of California.

9    (Ex. A, Compl. ¶ 76a.)

10        29.    Based on the allegations in the Complaint and at all times since,

11   Plaintiff Denis O'Mahoney is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 77.)

12        30.    Based on the allegations in the Complaint and at all times since,

13   Plaintiff Paul Palubicki is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 78.)

14        31.    Based on the allegations in the Complaint and at all times since,

15   Plaintiff John Parrett is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 79.)

16        32.    Based on the allegations in the Complaint and at all times since,

17   Plaintiff Roger Peterson is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 80.)

18        33.    Based on the allegations in the Complaint and at all times since,

19   Plaintiff Annie Porter-Cuascut, on behalf of herself, and as surviving spouse of

20   decedent Juan Jose Cuascut, Jr., is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 81.)

21   Based on allegations in the Complaint, decedent Juan Jose Cuascut, Jr., was a

22   citizen of California.  (Ex. A, Compl. ¶ 81a.)

23        34.    Based on the allegations in the Complaint and at all times since,

24   Plaintiff Craig Proffitt is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 82.)

25        35.    Based on the allegations in the Complaint and at all times since,

26   Plaintiff Dorothy Robinson is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 83.)

27        36.    Based on the allegations in the Complaint and at all times since,

28   Plaintiff Karen Russell is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 84.)

37.    Based on the allegations in the Complaint and at all times since, Plaintiff Michael Schiller, as personal representative of Walter Schiller, disabled, is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 85.)  Based on the allegations in the Complaint and at all times since, Walter Schiller is a citizen of California (Ex. A, Compl. ¶ 85a.)

38.    Based on the allegations in the Complaint and at all times since, Plaintiff Knut Solna is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 86.)

39.    Based on the allegations in the Complaint and at all times since, Plaintiff Balasan Torosyan is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 87.)

40.    Based on the allegations in the Complaint and at all times since, Plaintiff Terry Louis Wilson, on behalf of himself, and as surviving spouse of decedent Teri Lynn Wilson, is a citizen of California.  (Ex. A, Compl. ¶¶ 4, 88.) Based on allegations in the Complaint, decedent Teri Lynn Wilson, was a citizen of California.  (Ex. A, Compl. ¶ 88a.)

**B.    Manufacturing Defendants Are Not Citizens of California.**

41.    The relevant timeframe for determining citizenship is when the complaint is filed. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131– 32 (9th Cir. 2002).

42.    At the time Plaintiffs commenced this civil action, and at all times since, Defendant Janssen Research & Development, LLC was and is a limited-liability company whose sole member is (and was when the Complaint was filed) Centocor Research & Development, Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania.  (Ex. K, Hudson Decl. ¶ 2). Accordingly, Janssen Research & Development, LLC is a citizen of Pennsylvania for the purposes of diversity jurisdiction.  *See GMAC Commercial Credit LLC v. Dillard Dep't. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that the citizenship of a limited-liability company is determined by the citizenship of its members).

43.    At the time Plaintiffs commenced this civil action, and at all times since, Defendant Janssen Pharmaceuticals, Inc. was and is a Pennsylvania corporation with its principal place of business in New Jersey. (Ex. A, Compl. ¶ 8; Ex. K, Hudson Decl. ¶ 3). Accordingly, Janssen Pharmaceuticals, Inc. is a citizen of Pennsylvania and New Jersey for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c) (for the purposes of determining citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

44.    At the time Plaintiffs commenced this civil action, and at all times since, Defendant Janssen Ortho LLC was and is a limited-liability company whose sole member is (and was when the Complaint was filed) OMJ PR Holdings, a corporation incorporated in Ireland with a principal place of business in Bermuda. (Ex. K, Hudson Decl. ¶ 4). Accordingly, Janssen Ortho LLC is a citizen of Ireland and Bermuda for the purposes of diversity jurisdiction. *See GMAC Commercial Credit LLC v. Dillard Dep't. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that the citizenship of a limited-liability company is determined by the citizenship of its members).

45.    At the time Plaintiffs commenced this civil action, and at all times since, Defendant Johnson & Johnson is, and was a New Jersey Corporation which has its principal place of business in New Jersey. (Ex. A, Compl. ¶ 6; Ex. K, Hudson Decl. ¶ 5). Accordingly, Johnson & Johnson is a citizen of New Jersey for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c) (for the purposes of determining citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

46.    At the time Plaintiffs commenced this civil action, and at all times since, Defendant Bayer HealthCare Pharmaceuticals Inc. was and is a Delaware

1   corporation with its principal place of business in New Jersey.  (Ex. A, Compl. ¶
2   12; Ex. K, Hudson Decl. ¶ 6, 7).  Accordingly, Bayer HealthCare Pharmaceuticals
3   Inc. is, and was when the Complaint was filed, a citizen of Delaware and New
4   Jersey for the purposes of diversity jurisdiction.  *See id.*

5       47.    At the time Plaintiffs commenced this civil action, and at all times
6   since, Defendant Bayer Corporation was and is an Indiana corporation with its
7   principal place of business in Pennsylvania.  (Ex. A, Compl. ¶ 9; Ex. K, Hudson
8   Decl. ¶ 6, 8).  Accordingly, Bayer Corporation is, and was when the Complaint was
9   filed, a citizen of Indiana and Pennsylvania for the purposes of diversity
10  jurisdiction.  *See id.*

11      48.    At the time Plaintiffs commenced this civil action, and at all times
12  since, Defendant Bayer HealthCare LLC was a limited liability company whose
13  members are Bayer Medical Care Inc., Bayer Essure Inc., Bayer West Coast
14  Corporation, Dr. Scholl's LLC, Coppertone LLC, MiraLAX LLC, NippoNex Inc.,
15  Bayer HealthCare US Funding LLC, and Bayer Consumer Care Holdings LLC.
16  (Ex. K, Hudson Decl. ¶ 6, 9–10).  The citizenship of each of the members of
17  Defendant Bayer HealthCare LLC for purposes of determining diversity of
18  citizenship is as follows:

19          a.  Bayer Medical Care Inc. is a Delaware corporation with its
20              principal place of business in Pennsylvania and, therefore, is a
21              citizen of Delaware and Pennsylvania for purposes of determining
22              diversity of citizenship.

23          b.  NippoNex Inc. is a Delaware corporation with it principal place of
24              business in New Jersey and, therefore, is a citizen of Delaware and
25              New Jersey for purposes of determining diversity of citizenship.

26          c.  Bayer Consumer Care Holdings LLC is a Delaware limited liability
27              company, the sole common member of which is Bayer East Coast
28              LLC, whose sole preferred member of which is Bayer US Funding

1
2
3
4
5
6
7
8

LLC; Bayer East Coast LLC is a Delaware limited liability company wholly owned by Bayer US Holding LP, a Delaware limited partnership in which Bayer World Investments B.V. and Bayer Solution B.V., each of which is a private company with limited liability incorporated under Dutch law with its principal places of business in the Netherlands.  Bayer Consumer Care Holdings LLC is, therefore, a citizen of the Netherlands for purposes of determining diversity of citizenship.

9
10
11
12
13
14
15

d. Bayer HealthCare US Funding LLC is a Delaware limited liability company, the members of which are Bayer AG, Bayer Pharma AG, and Bayer World Investments B.V.; Bayer AG and Bayer Pharma AG are a German corporations, each with its principal place of business in Germany; Bayer HealthCare US Funding LLC is a citizen of Germany for purposes of determining diversity of citizenship.

16
17
18
19
20

e. Dr. Scholl's LLC, Coppertone LLC, and MiraLAX LLC are Delaware limited liability companies, each of whose sole member is Bayer HealthCare US Funding LLC; Dr. Scholl's LLC, Coppertone LLC, and MiraLAX LLC are citizens of Germany for purposes of determining diversity of citizenship.

21
22
23
24

f. Bayer West Coast Corporation is a Delaware corporation with its principal place of business in New Jersey and, therefore, is a citizen of Delaware and New Jersey for purposes of determining diversity of citizenship.  (Ex. K, Hudson Decl. ¶ 6).

25
26
27
28

g. Bayer Essure Inc. is a Delaware corporation with its principal place of business in New Jersey and, therefore, is a citizen of Delaware and New Jersey for purposes of determining diversity of citizenship.  (Ex. K, Hudson Decl. ¶ 6).

49.     Therefore, because the members of Bayer HealthCare LLC are citizens of Delaware, New Jersey, New York, Pennsylvania, Germany and the Netherlands for purposes of determining diversity of citizenship, Bayer HealthCare LLC is also a citizen of Delaware, New Jersey, New York, Pennsylvania, Germany and the Netherlands for purposes of determining diversity of citizenship.  *See Zambelli Fireworks Mfg. Co., Inc.*, 592 F.3d at 420.

50.     At the time Plaintiffs commenced this civil action, and at all times since, Defendant Bayer Pharma AG was and is a foreign corporation with its principal place of business in Germany.  (Ex. A, Compl. ¶ 13; Ex. K, Hudson Decl. ¶ 11).  As such, for the purposes of diversity jurisdiction, Bayer Pharma AG is a citizen of a foreign state.  *See* 28 U.S.C. § 1332(a)(3).

51.     Effective as of July 1, 2016, Bayer HealthCare AG was merged into Bayer AG as universal successor.  (Ex. K, Hudson Decl. ¶ 12).  Bayer AG is a foreign corporation with its principal place of business in Germany.  *See id*.  For the purposes of diversity jurisdiction, Bayer AG is a citizen of a foreign state.  *Id.*

52.     At the time Plaintiffs commenced this civil action, and at all times since, Defendant Bayer AG was and is a foreign corporation with its principal place of business in Germany.  (Ex. A, Compl. ¶ 17; Ex. K, Hudson Decl. ¶ 13).  As such, for the purposes of diversity jurisdiction, Bayer AG is a citizen of a foreign state. *See id.*

53.     Although McKesson is alleged to be a California corporation with its principal place of business in San Francisco (Ex. A, Compl. ¶ 20), as set forth in more detail below, McKesson is a distributor that has been fraudulently joined and its citizenship can be disregarded for jurisdictional purposes.

## C.     The Amount-in-Controversy is Satisfied

54.     The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case even though Plaintiffs have not made a specific dollar demand. "[B]y the preponderance of the evidence," it is clear from the face of Plaintiffs'

1  Complaint "that the amount in controversy exceeds [$75,000]."  28 U.S.C. §

2  1446(c)(2)(b); *see also* 28 U.S.C. § 1332(a).

3      55.  Plaintiffs' Complaint alleges plaintiffs have suffered "severe and

4  permanent" injuries (Ex. A, Compl. ¶¶ 109, 130, 136, 143 and 156) and have

5  "endured substantial pain and suffering … [and] have incurred significant expenses

6  for medical care."  (*Id.* at ¶¶ 155 and 204).

7      56.  Plaintiffs assert claims including negligence, strict liability, breach of

8  express and implied warranties, wrongful death, fraud, and loss of consortium.

9  Plaintiffs seek to recover unspecified damages, including damages for physical

10  pain, mental anguish, diminished enjoyment of life, medical treatment, the need for

11  follow-up care, and/or medications, funeral and burial expenses.  (Ex. A, Compl. ¶¶

12  65–88, 109–209, Prayer for Relief).  Plaintiffs seek to recover compensatory

13  damages, economic and non-economic damages, as well as punitive damages. *See*

14  *id.*

15      57.  Although Defendants deny Plaintiffs' allegations and deny that they

16  are liable to Plaintiffs, the allegations in the Complaint that Plaintiffs suffered

17  "severe personal injuries," "substantial pain and suffering" and "significant

18  expenses" plainly indicates that the amount in controversy exceeds $75,000.  *See*

19  *Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499FVSDLB, 2006 WL

20  707291, at *2 (E.D. Cal. Mar. 17, 2006) (apparent from complaint that amount in

21  controversy met where plaintiffs asserted strict products liability, negligence, and

22  breach of warranty claims against multiple defendants and complaint sought

23  compensatory damages for wage loss, hospital and medical expenses, general

24  damages, and loss of earning capacity); *Geographic Expeditions, Inc. v. Estate of*

25  *Lhotka*, 599 F.3d 1102, 1107–08 (9th Cir. 2010) ("even though the state court

26  complaint does not specify an amount" it satisfied amount in controversy

27  requirement by requesting damages for, among other things, wrongful death, loss of

28  consortium, negligence and funeral, medical and burial expenses); *McCoy v. Gen.*

1    *Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely

2    held that when plaintiffs allege serious, permanent injuries and significant medical

3    expenses, it is obvious from the face of the complaint that the plaintiff's damages

4    exceeded the jurisdictional amount").

5          58.    It is widely recognized that a complaint for severe personal injuries

6    arising from prescription medications facially satisfy the amount-in-controversy

7    requirement. *See, e.g., In re Rezulin Prods Liab. Litig*., 133 F. Supp. 2d 272, 296

8    (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a

9    prescription drug "obviously asserts a claim exceeding $75,000"); *see also In re*

10    *Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig*., 692

11    F. Supp. 2d 1025, 1039–40 (S.D. Ill. 2010).

12    **IV.**

13    **REMOVAL IS PROPER BECAUSE MCKESSON IS FRAUDULENTLY**
14    **JOINED**

15          59.    Local Defendant McKesson is fraudulently joined because there is no

16    viable claim based on the facts alleged in the Complaint against a distributor of

17    pharmaceutical medications.  Under the fraudulent joinder doctrine, a court should

18    disregard the citizenship of a defendant, where there is no possibility that the

19    plaintiffs will be able recover against the fraudulently joined defendant. *United*

20    *Computer Sys. V. AT&T Info. Sys.,* 298 F.3d 756, 761 (9th Cir. 2002).  As set forth

21    below, McKesson was fraudulently joined because:  (1) There is no basis for

22    liability against a distributor of an FDA-approved medication; and (2) the

23    allegations of the Complaint are impermissibly directed against all "defendants,"

24    collectively.

25          60.    Other personal injury actions, fraudulently joining McKesson, were

26    removed to the Central District of California and were transferred to and are now

27    pending in MDL No. 2592.  *See Nash*, Case No.  2:15-cv-03868-AB-E (C.D. Cal.

28    June 4, 2015), Doc. 19 (Ex. D); *Barba*, Case No. 8:15-cv-01548-DOC-JCG (C.D.

Cal. Oct. 27, 2015), Doc. 17 (Ex. E); *Voros*, Case No. 2:16-cv-07627-MFW-DTBx (C.D. Cal. Nov. 2, 2016), Doc. 19 (Ex. G); *Rorick-Evans*, Case No. 2:16-cv-08283-MFW-DTBx (C.D. Cal. Nov. 17, 2016), Doc. 3 (Ex. H).  Another action, fraudulently joining McKesson, was removed to the Eastern District of California and also is now pending in MDL No. 2592.  *See Ullom*, Case No. 1:16-cv-01109-DAD-JLT (E.D. Cal. Aug. 16, 2016), Doc. 9 (Ex. F).

**A.    There is No Claim for Distributor Liability Based on the Facts Alleged**

61.    California law recognizes important limitations on liability arising from use of prescription medications.  In *Brown v. Superior Court*, 44 Cal.3d 1049 (1988), the California Supreme Court adopted comment k to Section 402A of the *Restatement of Torts (Second)* and held that California does not recognize claims for strict liability design defect or strict liability failure to warn for prescription medications.  The court noted that there is "an important distinction between prescription drugs and other products" that are commonly used because the benefits of prescription medications include saving lives and improving the health of individuals.  44 Cal.3d at 1063.  As a result, the court noted that California's "[p]ublic policy favors the development and marketing of beneficial new drugs, although some risks, and perhaps serious ones, might accompany their introduction …." *Id.*

62.    Similarly California courts have held that individuals and entities, such as pharmacies, that are not involved in the manufacture or labeling of a prescription medication are not to be held liable for alleged product defects.  *Murphy v. E.R. Squibb & Sons, Inc.*, 40 Cal. 3d 672 (1985).  In declining to recognize product liability claims against pharmacists, the court noted that "[t]he pharmacist is in the business of selling prescription drugs, and his role begins and ends with the sale." *Id*. at 679.  If individuals or entities that do not manufacture, label or design prescription products are held liable, they "might restrict availability [of important medications] by refusing to dispense drugs which pose even a potentially remote

1  risk of harm, although such medications may be essential to the health or even the

2  survival of patients." *Id.* at 680–81.

3      63.    Likewise courts have held that there is no viable cause of action for

4  failure to warn or otherwise against intermediate distributors of pharmaceutical

5  medications, such as McKesson, under California law.  *Skinner v. Warner-Lambert*

6  *Co.*, No. CV 03-1643-R(RZX), 2003 WL 25598915 (C.D. Cal. Apr. 28, 2003).

7  The court in *Skinner* held "there is no possibility that plaintiffs could prove a cause

8  of action against McKesson, an entity which distributed [the] FDA-approved

9  medication to pharmacists in California."  *Id.* at *1; *see also Leeson v. Merck &*

10  *Co.*, Case No. S-05-2240 WBS PAN, 2006 WL 3230047, at *3 (E.D. Cal. Jan. 27,

11  2006) ("Yet only a handful of judges have found that California law does not

12  clearly exempt distributors from strict liability for failure to warn.").  As in *Skinner*,

13  there is no possibility of recovery against McKesson in this case.

14      64.    Recent U.S. Supreme Court decisions also support limits on liability of

15  entities, such as distributors, that cannot change the label on a prescription

16  medication.  In *Pliva v. Mensing*, 131 S. Ct. 2567 (2011), the Supreme Court held

17  that state law claims alleging failure to warn of risks associated with a generic

18  medication were preempted because federal law precludes manufacturers of generic

19  medications from adopting a label that is different from the brand-name medication.

20  *See also Mutual Pharmaceutical Co. v. Bartlett*, 133 S. Ct. 2466 (2013).  In

21  applying *Mensing* to the facts and role of a distributor of pharmaceutical

22  medications, the court in *In re Fosamax (Alendronate Sodium) Products Liability*

23  *Litigation* (No. II), MDL No. 2243 (JAP-LHG), 2012 WL 181411 (D. N.J. Jan. 17,

24  2012), held that "[a distributor of a pharmaceutical medication] has no power to

25  change [the] label.  That power lies with the applicant who filed the New Drug

26  Application (NDA)" and "if FDA had 'become aware of new safety information' in

27  connection with [a prescription medication] use that 'it believe[d] should be

28  included in the labeling,' FDA must notify the holder of the NDA to initiate the

changes.  Neither of these procedures involves a distributor."  *Id.* at *3 (internal citations omitted); *accord Stevens v. Cmty. Health Care, Inc*., 2011 WL 6379298, at *1 (Mass. Super. Ct. Oct. 5, 2011).  Only the holder of an NDA, not distributors, responsible for the label of a brand-name medication such as Xarelto® may change the label under certain circumstances.  The court in *Brazil v. Janssen Research and Development LLC et al*., No. 4:15-CV-0204, 2016 WL 3748771, -- F.Supp.3d -- (N.D. Ga. 2016), recently held as follows, "[w]hen a company does not have the NDA, it has 'no more power to change the label' of a drug than a generic manufacturer." (citations omitted).  Similarly, the Sixth Circuit in *Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 940 (6th Cir. 2014), held that failure-to-warn claims against a non-NDA holder also were preempted.  In *Davocet*, Eli Lilly & Co. ("Lilly") had held the NDA for a brand-name drug, sold the NDA to another company, and continued manufacturing the drug for a generic company.  The Sixth Circuit held that failure-to-warn claims against Lilly involving use of the drug after Lilly sold its NDA were preempted.  *Darvocet,* 756 F.3d at 940.  The Sixth Circuit reasoned that "[a]fter the divestiture [of the NDA], Lilly had no more power to change the label than did" genetic manufacturers.  *Id.*; *see also In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, 2012 WL 181411, at *3–*4 (D.N.J. Jan. 17, 2012) (holding that claims against distributor were preempted because it could not change labeling under federal law, and explaining "[t]hat power lies with the applicant who filed the New Drug Application (NDA) seeking approval to market Fosamax"); *Stevens v. Cmty. Health Care, Inc.*, 2011 WL 6379298, at *1 (Mass. Super. Ct. Oct. 5, 2011) ("As a distributor, … DAVA had no ability to change labeling or warnings and thus … cannot be subject to liability in connection with a state law claim premised on a 'failure to warn.'").

## B.    Plaintiffs Have Failed to Allege Sufficient Facts As to McKesson

65.    There is no claim against McKesson as a distributor of a pharmaceutical medication, nor does Plaintiffs' Complaint allege sufficient facts to

state a claim against McKesson.  Other courts have held that McKesson was fraudulently joined where there were insufficient allegations to establish liability against McKesson.  *See, e.g., Aronis v. Merck & Co.*, Case No. Civ. S-05-0486 WBS DAD, 2005 WL 5518485 (E.D. Cal. May 3, 2006).  When making a fraudulent joinder determination, a court must only consider the allegations pled in the complaint as of the time of removal and should not speculate about facts or claims that Plaintiffs did not plead.  *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992).

66.     Plaintiffs' Complaint improperly pleads claims as to "Defendants" generally, rather than identifying specific conduct of each defendant.  (Ex. A, Compl. ¶ 21) (parties "referred to … jointly as 'Defendants'").  Many federal courts have held that allegations against "defendants," collectively, are insufficient to support remand.  *Badon v. R J R Nabisco Inc.,* 224 F.3d 382, 391-93 (5th Cir. 2000) (affirming finding of fraudulent joinder where plaintiff's claims simply referred to "defendants" collectively and where plaintiffs failed to allege any "particular or specific activity" on the part of each of the in-state defendants); *Staples v. Merck & Co., Inc.*, 270 F. Supp. 2d 833, 844 (N.D. Tex. 2003) (allegation that "*Defendants* committed actual fraud" insufficient to warrant remand); *Banger v. Magnolia Nursing Home, L.P.*, 234 F. Supp. 2d 633, 638 (S.D. Miss. 2002) ("conclusory and generic allegations of wrongdoing on the part of all Defendants … are not sufficient to show that [non-diverse defendant] was not fraudulently joined"); *In re Rezulin Prods. Liab. Litig*, 168 F. Supp. 2d 136, 140 & n.10 (S.D.N.Y. 2001) (remand should be denied where "plaintiffs make no specific allegations against [the non-diverse defendant] at all, instead [they] attribut[e] wrongdoing to the collective 'defendants'"); *In re Rezulin Prods. Liab. Litig,* 133 F. Supp. 2d 272, 291 (S.D.N.Y. 2001) (finding fraudulent joinder where plaintiffs "lump" non-diverse and diverse defendants together "and attribute the acts alleged … to the 'defendants' generally"); *Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546,

550 (E.D. Ky. 2001) (denying remand where the complaint "commonly employs the generic term 'defendants'"); *see also, Sherman v. Stryker*, 2009 U.S. Dist. LEXIS 34105, at *6 (C.D. Cal. Mar. 30, 2009) (quoting *Lancaster Cmty Hop. v. Antelope Valley Hosp. Dist.,* 940 F.2d 397, 405 (9th Cir. 1991)) (in a products liability action, dismissing negligent and fraudulent misrepresentation claims where plaintiff "does not differentiate these claims as to [one defendant] and the other defendants" and fails to "specifically allege 'the role of each defendant in each scheme'").  Indeed, such allegations are particularly inadequate where, as here, "plaintiffs' complaint commonly employs the generic term 'defendants,' [but] the context and nature of the individual allegations make clear that only the drug companies are targeted." *See Salisbury*, 166 F. Supp. 2d at 550.  Other than the generic boilerplate allegations that McKesson distributed Xarelto®, the Complaint is devoid of any particular facts or specific allegations that would give rise to liability of McKesson under California law.

67. Plaintiffs' claims for failure to warn, negligent misrepresentation and fraud also fail because (1) Plaintiffs do not identify a single statement made by McKesson that was allegedly fraudulent or deceptive, (2) Plaintiffs fail to allege any fact that was concealed that McKesson had a duty to disclose as a mere distributor of a product, and (3) Plaintiffs have not alleged any connection between conduct of McKesson and Plaintiffs' alleged injuries from Xarelto® that could satisfy the cause-in-fact elements of these claims, including claims for fraud which must be pled with particularity under Federal Rule of Civil Procedure 9(b).  *See, e.g., Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet 9(b)'s particularity requirements.") (citation omitted).

68. Blanket allegations of purported generic misrepresentations by manufacturing defendants cannot be attributed to McKesson and cannot defeat

diversity jurisdiction.  *See, e.g., Fisher v. Paul Revere Ins. Grp.*, 55 F. App'x 412, 414 (9th Cir. 2003) (affirming trial court's determination that non-diverse defendant had been fraudulently joined and refusal to remand case to state court where the plaintiff "did not specifically allege facts that would support any elements of deceit" for the non-diverse defendant, as required by Rule 9(b)); *In re Rezulin Prods Liab. Litig.*, 133 F. Supp. 2d 272, 283 (S.D.N.Y. 2001) (finding defendant sales representatives fraudulently joined because plaintiffs did not satisfy Rule 9(b)'s requirements).

69.    Plaintiffs' Complaint alleges that certain statements on the website Xarelto.com are misleading and alleges that "[a]s the Defendants state on their website" various statements are false and misleading.  (Compl. ¶ 31–34).  There is no allegation that McKesson is involved with this website or made any of the alleged statements or that they were relied upon by Plaintiffs or their treating physicians.  The website is maintained by certain of the Removing Defendants, and there is no allegation that McKesson has any involvement with this website.

70.    Plaintiffs' Complaint does not allege detrimental reliance on any statement by McKesson.

71.    Plaintiffs have failed to identify any specific statements that McKesson made or was obligated to make as a distributor of a pre-packaged prescription medication.

72.    If any question arises as to the propriety of the removal of this action, Removing Defendants request the opportunity to present a brief and oral argument in support of their position that this action is removable.

**C.    The Other Prerequisites for Removal Have Been Satisfied.**

73.    In addition to satisfying the requirements of diversity jurisdiction, Removing Defendants have satisfied all other requirements for removal.

74.    This notice is filed within one year of the commencement of this action.  This notice of removal is timely pursuant to 28 U.S.C. § 1441(b) and

1    unserved defendants "need not consent to removal." *Brown v. Jevic*, 575 F.3d 322,

2    327 (3d Cir. 2009).

3         75.    In accordance with 28 U.S.C. § 1446(a), a copy of all process,

4    pleadings, and orders in the state court action is attached hereto as Exhibit A and B.

5         76.    Venue for removal is proper in this District and division, *see* 28 U.S.C.

6    § 1441(a)(2), because this District and division embrace the Superior Court of the

7    State of California, in and for Los Angeles County, the forum in which the removed

8    action was pending, *see* 28 U.S.C. §87.

9         77.    In accordance with 28 U.S.C. § 1446(d), Removing Defendants will

10   promptly provide written notice of the filing of this Notice of Removal to the

11   Plaintiffs and shall file a copy of this Notice along with a Notice of Filing of Notice

12   of Removal with the Clerk of the Superior Court of the State of California, in and

13   for Los Angeles County, where this action is currently pending.

14        WHEREFORE, Removing Defendants give notice that the matter bearing

15   Case No. BC634167 in the Superior Court of the State of California, in and for Los

16   Angeles County, is removed to the United States District Court for the Central

17   District of California, and request that this Court retain jurisdiction for all further

18   proceedings in this matter.

19

20   Dated:  December 14, 2016              DRINKER BIDDLE & REATH LLP

21

22                                         By: /s/ *Rodney M. Hudson*
                                              Rodney M. Hudson

23                                         Counsel for Defendants
24                                         JANSSEN RESEARCH &
                                           DEVELOPMENT, LLC; JANSSEN
25                                         PHARMACEUTICALS, INC.;
                                           JANSSEN ORTHO LLC; JOHNSON &
26                                         JOHNSON; BAYER CORPORATION;
                                           BAYER HEALTHCARE LLC; BAYER
27                                         HEALTHCARE PHARMACEUTICALS
                                           INC.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**PROOF OF SERVICE**

2

I, Connie B. Gutierrez, declare:

3

I am a citizen of the United States and employed in San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105-2235. On December 14, 2016, I served a copy of the within document(s):

4

5

6

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1446(b) (DIVERSITY)**

7

8

☒    **By United States mail:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California to the address(es) set forth below.

9

10

11

12

☐    **By overnight delivery service:** by placing the document(s) listed above in a sealed Delivery Service envelope or package to the persons/entities at the address(es) listed below. I provide the envelope or package for collection and overnight delivery to a Delivery Service agent for the overnight delivery carrier.

13

14

15

☐    **By electronic service:** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

16

17

Michael Louis Kelly, Esq.
mlk@kirtlandpackard.com
Behram V. Parekh, Esq.
bvp@kirtlandpackard.com
Ruth Rizkalla, Esq.
rr@kirtlandpackard.com
KIRTLAND & PACKARD LLP
2041 Rosecrans Avenue, Third Floor
El Segundo, CA 90245
Telephone: (310) 536-1000
Facsimile: (310) 536-1001

18

19

20

21

22

23

*Attorneys for Plaintiff Carol Anders*

24

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 14, 2016, at San Francisco, California.

25

26

27

_____
Connie B. Gutierrez

28

87251914.1

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO